**OWENS et al. v. GIBBONS.  (6 Div. 297.)**

(Court of Appeals of Alabama.  Feb. 5, 1924.)

**1. Appeal and error ⚖554(3)—Judgment affirmed in absence of bill of exceptions, where no error appears on record.**

In the absence of a bill of exceptions, the judgment must be affirmed, where no error appears on the record.

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. Appeal and error ⊚⟹544(1)—Matters presentable only by bill of exceptions not considered in absence thereof.

Matters which could only be presented by a bill of exceptions cannot be considered in a cause submitted on briefs without bill of exceptions, appellant's remedy, if the court declined to grant a correct bill, being by resort to Code 1907. § 3022, as amended by Gen. Acts 1915, p. 816.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Habeas corpus proceeding by Alex Owens and Ophelia Emons against Cinda Gibbons. From a' judgment or decree for respondent, petitioners appeal. Affirmed.

Pinkney Scott, of Bessemer, for appellants.

Counsel argues for error in the judgment, but cites no authorities.

Perry, Mims & Green and Bumgardner & Wilson, all of Bessemer, for appellee.

In the absence of a bill of exceptions, the appellate court must assume that the conclusion of fact and judgment were sustained by the evidence. Howze v. Powers, 16 Ala. App. 373, 77 South. 985; Hall v. First Nat. Bank, 196 Ala. 627. 72 South. 171; Hamrick v. Shipp, 169 Ala. 171, 52 South. 932; Wadsworth v. Williams, 101 Ala. 264, 13 South. 755; Sanders v. Steen, 128 Ala. 633, 29 South. 586.

BRICKEN, P. J. Appellants filed petition for writ of habeas corpus in the court below, seeking to secure the custody of Willie Mae Gibbons. a minor girl child, alleging in the petition that they were the grandparents of said minor child, etc.

Upon hearing of the petition, the court awarded the custody of the minor child to the respondent, and entered judgment accordingly. From this order and judgment this appeal is taken.

[1] The appeal is upon the record, there being no bill of exceptions. No error appearing on the record, this court must perforce order an affirmance of the judgment appealed from.

[2] This cause was submitted on briefs in this court on November 29, 1923, and 'must therefore be considered as submitted. The matters complained of in brief of appellants' counsel are not presented, and could only be presented by bill of exceptions. If the court, as insisted, declined to grant appellants a correct bill of exceptions, resort to the statute, Code 1907, § 3022, as amended by act of the Legislature (Acts 1915, p. 816), would have afforded appellants proper relief.

The judgment appealed from is affirmed.

Affirmed.